UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STEVEN LACHUTE                              CIVIL ACTION

VERSUS                                      NO: 11-2783

OCHSNER CLINIC FOUNDATION                   SECTION: R

**<u>ORDER & REASONS</u>**

Plaintiff moves the Court to exclude one of defendant's experts pursuant to Federal Rule of Evidence 403. For the following reasons, plaintiff's motion *in limine* is granted in part and denied in part.

## I.    BACKGROUND

Steven Lachute is suing Ochsner Clinic Foundation ("Ochsner") for medical malpractice. Lachute underwent surgery at Ochsner Hospital on January 29, 2007 and claims that Ochsner's care caused him injuries.[1] Specifically, because of Ochsner's alleged failures to adequately and timely treat Lachute's post-surgery complications, Lachute lost fingers, toes, part of his leg, and part of his foot.[2]

At trial, Ochsner seeks to introduce Dr. Jeffrey Griffin and Dr. John Hunt as experts. Lachute alleges that these two experts

---

[1]    R. Doc. 1.

[2]    R. Doc. 1; R. Doc. 20 at 3.

will present cumulative testimony and asks this Court to exclude one or the other.[3]

**II. DISCUSSION**

Under Federal Rule of Evidence 403, the Court may exclude relevant evidence when its probative value is substantially outweighed by the danger of "needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see also Aetna Cas. & Sur. Co. V. Guynes*, 713 F.2d 1187, 1193 (5th Cir. 1983) (noting that "[i]t is well within the discretion of a district court to limit the number of expert witnesses who testify at trial").

Dr. Griffin's and Dr. Hunt's report address the same four questions about Lachute's care at Ochsner and come to the same four conclussions.[4] However, Ochsner contends that each witness has a different specialty and will focus their testimony on different issues. Dr. Griffin, defendant asserts, is a colon and rectal surgeon. Dr. Griffin served on the medical review panel in this case and will be testifying about the medical review process and opinion. Unlike Dr. Griffin, Dr. Hunt is a critical care doctor and will testify about the management of the Lachute's vasopressors and the care of Lachute in the days following his surgery.[5]

---

[3] R. Doc. 17-1.

[4] R. Doc. 17-3; 17-4.

[5] R. Doc. 19.

2

Cumulative evidence "replicates other admitted evidence." *Henson v. Odyssea Vessels, Inc.*, NO. 07-613, 2008 WL 449726, at *1 (E.D. La. Feb. 15, 2008) (citation omitted). The Court has reviewed both expert reports and determined that their answers give similar reasoning and conclusions with regards to the first three questions. Accordingly, the Court finds that presenting both experts on these issues will be unduly cumulative and the defendant is required to chose one expert to address them.

The doctors' answers to question four, pertaining to the management of Lachute's septic shock, are not repetitive. In Dr. Hunt's answer, he discusses the use of vassopressors,[6] while Dr. Griffin makes no mention of the use of vassopressors in the management of Lachute's septic shock.[7] Finally, Dr. Griffin's testimony is not cumulative of Dr. Hunt's testimony to the extent he speaks about the medical review panel process and the panel's opinion.

Accordingly, plaintiff's motion is granted to the extent that the expert's seek to testify to the first three questions addressed in their reports, but denied as to the fourth question pertaining to the management of Lachute's septic shock, and denied with regards to Dr. Griffin's testimony about the medical review panel and opinion.

---

[6] R. Doc. 17-4 at 2.

[7] R. Doc. 17-3 at 5.

## III. CONCLUSION

For the foregoing reasons, plaintiff's motion is granted in part and denied in part.

New Orleans, Louisiana, this 15th day of November, 2012.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE